IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARIAN FISHER, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:12-CV-3604-D |
| VS. | § | |
| | § | |
| DALLAS COUNTY, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action alleging race discrimination and related claims, defendant Dallas County ("the County") moves to amend the November 9, 2012 scheduling order ("Scheduling Order") and for leave to file a first amended answer. For the following reasons, the court grants the motion.

I

Plaintiffs Darian Fisher and LaParker Smith filed the instant action against Dallas County (the "County"), the Dallas County Commissioners Court, and several individuals in their individual and official capacities on September 5, 2012. Eight days later, plaintiffs filed an amended complaint, which the County answered on September 27, 2012 ("Answer"). The Scheduling Order set October 1, 2013 as the deadline for filing a motion for leave to amend the pleadings.

In its Answer, the County asserted "Exhaustion of Administrative Remedies" as an

affirmative defense.  Answer 2.[1]  It now moves to amend the Scheduling Order and for leave to amend its Answer to clarify that it intended its "Exhaustion of Administrative Remedies" defense to include a defense based on the "*Ellerth/Faragher*" doctrine.  Plaintiffs oppose the motion.

## II

### A

When, as here, the deadline for seeking leave to amend pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the Fed. R. Civ. P. 16(b)(4) good cause standard.  *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.).  To meet the good cause standard, the party must show that, despite its diligence, it could not reasonably have met the scheduling order deadline.  *See S&W Enters.*, 315 F.3d at 535.  If the movant satisfies the requirements of Rule 16(b)(4), the court must next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires."  Rule 15(a)(2); *see S&W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields*, 1998 WL 874825, at *1.

---

[1] In support of this defense, the County alleges "that Plaintiffs have failed, in whole or in part, to properly exhaust their administrative remedies by pursuing the complaints now made in this lawsuit . . . by grievance filed with the County and then by an appeal of the ruling on any such grievance and/or before the Dallas County Civil Service Commission."  Answer 2.

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted). Applying these factors, the court concludes that the County has shown good cause.

B

1

Under the *Ellerth/Faragher* affirmative defense to a sexual harassment claim brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, an employer is not vicariously liable for harassment committed by a supervisor if it can show: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Watts v. Kroger Co.*, 170 F.3d 505, 509-10 (5th Cir. 1999) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998)) (internal quotation marks omitted). The County alleges that, in pleading the affirmative defense of "Exhaustion of Administrative Remedies," it intended to avoid vicarious liability for the acts of any supervisor by means of its established procedure for grieving any form of harassment or other discrimination. It maintains that, out of "an abundance of caution," it wants to give plaintiffs unquestionable notice that its affirmative defense pleaded as "Exhaustion of Administrative Remedies"

- 3 -

includes the *Ellerth/Faragher* affirmative defense.  D. Mot. 4.

Plaintiffs argue that this factor weighs against amending the Scheduling Order because the County provides no justification for the delay other than its "intention" that the defense be encompassed by the assertion in its Answer that plaintiffs did not exhaust administrative remedies by failing to obtain right to sue letters from the Equal Employment Opportunity Commission.  They cite *Wesley v. Yellow Transportation, Inc.*, 2008 WL 294526, at *22 (N.D. Tex. Feb. 4, 2008) (Fitzwater, C.J.), to contend that "[m]ere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish 'good cause.'"  Ps. Resp. 7 (quoting *Wesley*, 2008 WL 294526, at *22) (some internal quotation marks omitted).

The court concludes this factor weighs slightly in favor of modifying the Scheduling Order.  The Answer alleges, in relevant part:

> The County asserts that the Plaintiffs have failed, in whole or in part, to properly exhaust their administrative remedies by pursuing the complaints now made in this lawsuit . . . by grievance filed with the County and by an appeal of the ruling on any such grievance and/or before the Dallas County Civil Service Commission.

Answer 2.  Although the County does not provide a justification for waiting over one year to move to amend its Answer to specifically reference the *Ellerth/Faragher* affirmative defense, its belief that the "Exhaustion of Administrative Remedies" defense would encompass *Ellerth/Faragher* signifies more than "mere inadvertence."  *Wesley*, 2008 WL 294526, at *22.

- 4 -

2

The second factor considers the importance of the amendment.  The County maintains that the proposed amendment is important because it pleads a judicial doctrine specifically designed to limit the employer's liability for on-the-job behavior that it condemns, but over which it has little day-to-day control.  Plaintiffs argue that the amendment is not important because the affirmative defense that a plaintiff failed to exhaust administrative remedies was not and could not have been pleaded against plaintiffs' harassment claims against the County under 42 U.S.C. §§ 1981 and 1983, and the County waived this defense because the *Ellerth*/*Faragher* affirmative defense was not affirmatively pleaded in the Answer to plaintiffs' official-capacity harassment claims under §§ 1981 and 1983.  As to their Title VII claim, plaintiffs argue that, because the County did not affirmatively plead the *Ellerth*/*Faragher* defense in its Answer, it waived this defense; *Ellerth*/*Faragher* is not a condition precedent to suit, so it cannot be encompassed by a failure of condition precedent defense; and even if *Ellerth*/*Faragher* was a condition precedent to an exhaustion of administrative remedies defense, the County did not sufficiently plead this defense.

Without expressing an opinion about the availability of the *Ellerth*/*Faragher* affirmative defense in relation to any of plaintiffs' claims, the court concludes that the amendment is important.  Although plaintiffs argue that the County waived the *Ellerth*/*Faragher* affirmative defense by failing to plead it, they do not argue that it is not important.

- 5 -

3

The third factor considers potential prejudice in allowing the amendment. The County argues that there will be little or no prejudice to plaintiffs if the proposed amendment is allowed; plaintiffs will have no additional burden imposed on them because the proposed amendment is an affirmative defense; disposition of the case on this issue and in favor of the County on a motion for summary judgment is highly improbable; plaintiffs have already taken discovery on the County's undisputed policies created and adopted to prevent and promptly correct harassing behavior and, in written discovery and oral depositions, plaintiffs have been proceeding as if the County's policies are an integral part of their case; and the proposed amendment should not surprise plaintiffs.

Plaintiffs respond that, because the *Ellerth*/*Faragher* affirmative defense hinges on the employer's proving effective company discrimination prevention efforts along with the employee's unreasonable failure to interact with the employer's internal efforts, this defense requires different discovery than an administrative remedies defense.

The court finds that plaintiffs will not be prejudiced if the court amends the Scheduling Order to permit the County to plead the *Ellerth*/*Faragher* affirmative defense. Although the court agrees that evidence relating to the *Ellerth*/*Faragher* defense is not necessarily the same as that relating to a defense based on plaintiffs' failure to exhaust administrative remedies by filing a grievance with the County and pursuing an appeal, there will inevitably be some overlap. Moreover, the County is not seeking to conduct any additional discovery, and plaintiffs have not pointed to any particular hardship that they will

incur if the court permits the County to amend its Answer.

4

The fourth factor considers the availability of a continuance to cure any prejudice. The County argues that, given there is not yet a trial date in this case, no continuance of the trial or any other pretrial deadline, expired or unexpired, is necessary. The County posits that, while the proposed alteration in the Scheduling Order may have been requested at a late date (four weeks after the October 1, 2013 deadline for seeking leave to amend the pleadings), it is not late in relationship to the time remaining for final disposition of the case, whether on motion for summary judgment or at trial. Plaintiffs respond that "[a] continuance would not cure the fundamental prejudice caused by allowing [the] County to add an issue inconsistent with Plaintiffs' position and previously waived due to mistake, inadvertence, or lack of diligence." Ps. Resp. 11.

This case has not yet been set for trial, and motions for summary judgment are not due until January 10, 2014.[2] The parties have given no indication that permitting the County to add an *Ellerth/Faragher* affirmative defense will require any additional discovery or any modification of other deadlines in the Scheduling Order. Accordingly, the court concludes this factor does not weigh for or against granting the County's motion.

---

[2]The Scheduling Order required motions for summary judgment to be filed by December 1, 2013, but the parties filed, and the court granted, a joint motion for an extension of time to file motions for summary judgment. On January 2, 2014 the individual defendants filed a motion to stay deadline for filing motions for summary judgment. After this memorandum opinion and order was written, but before it was filed, the court granted a stay of the summary judgment deadline pending consideration of defendants' motion to stay.

5

Finally, the court considers the four factors holistically. "It does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc*., 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012). Assessing the factors as a whole, the court holds that the County has met the good cause standard for modifying the Scheduling Order. The County has provided a sufficient explanation for its failure to initially plead the *Ellerth/Faragher* affirmative defense, and this defense is important. Other than arguments about why the *Ellerth/Faragher* defense is not encompassed in the "Exhaustion of Administrative Remedies" defense that the County has already pleaded, plaintiffs have not shown how they will be prejudiced if the court permits the amendment.

C

The court now decides under the Rule 15(a) standard whether leave to amend should be granted. *See S&W Enters*., 315 F.3d at 536. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp*., 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id*. (citing cases).

The County argues that there is no basis for denying leave.  It concedes that there has been delay in moving for amendment under the terms of the Scheduling Order.  It argues that the delay, however, has not been undue, particularly given that the County's pleadings before amendment arguably apprise plaintiffs of the substance of the *Ellerth/Faragher* defense. Moreover, there is no bad faith or dilatory motive in the County's request for an amendment, and the "request is made only as a precautionary measure, in the event [the court] should conclude on summary judgment that the pleadings do not adequately raise the *Ellerth/Faragher* defense." D. Mot. 6-7.  The court agrees.  Having considered the County's motion under the standard of Rule 15(a)(2), the court concludes that it should be granted.

\*   \*   \*

For the foregoing reasons, the court grants the County's motion for leave to amend the Scheduling Order and for leave to file a first amended answer.  The County must file its amended answer within seven days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

January 6, 2014.

SIDNEY A. FITZWATER
CHIEF JUDGE